UNITED STATES DISTRICT COURT       JS-6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00571-DOC-(DFMx)        Date: July 9, 2021

Title: JAMES RUTHERFORD V. EFH-H INVESTMENTS, L.P.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING APPLICATION FOR DEFAULT JUDGMENT [15] AND DISMISSING PLAINTIFF'S STATE LAW CLAIMS

     Before the Court is Plaintiff James Rutherford's ("Plaintiff") Motion for Default Judgment ("Motion") (Dkt. 15). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. The Court hereby GRANTS the Plaintiff's Motion.

  **I.**   **Background**

  **A. Facts**

     The following facts are drawn from the Complaint ("Compl.") (Dkt. 1). Plaintiff is "substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting; in addition to twisting, turning[,] and grasping objects." Compl. ¶ 1. Plaintiff relies on mobility devices to ambulate, and qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"). *Id.* Defendant EFH-H Investments, L.P. ("Defendant") owns the property

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-000571-DOC-(DFMx)                                            Date: July 9, 2021

Page 2

located at 19171 Magnolia St., Huntington Beach, CA 92646 ("Property"), upon which Gold Star Liquor ("Business") is located. *Id.* ¶ 2. The Business is a liquor store open to the public, and is a place of public accommodation, as defined by 42 U.S.C. § 12181(7). *Id.* ¶ 6.

On or about February 25, 2021, Plaintiff visited Business to purchase liquor and to confirm that Business is accessible to persons with disabilities. *Id.* ¶ 11. Plaintiff alleges that there were no designated parking spaces available for persons with disabilities that complied with the 2010 Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). *Id.* ¶ 12. Plaintiff further claims that Defendant's facility has barriers, including "handrails at the ramp that do not comply with Section 505; accessible parking spaces that are not located on the shortest accessible route to the entrance . . .; no accessible route connecting the parking access aisles to an accesible entrance; and[] no accessible routes connecting the parking to the main entrance or elements within the facility." *Id.* ¶ 13. Because of these ADA violations, Plaintiff is deterred from patronizing Business, but intends to return "for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law." *Id.* ¶ 23.

Plaintiff contends that Defendant has discriminated against Plaintiff in failing to make its facility fully accessible to persons with disabilities and in failing to remove architectural barriers, both in violation of the ADA. *Id.* ¶¶ 14, 35. Plaintiff further asserts that Defendant has violated the Unruh Civil Rights Act in violating Plaintiff's rights under the ADA. *Id.* ¶ 39.

### B. Procedural History

Plaintiff filed his complaint with this Court on March 28, 2021. Compl. (Dkt. 1). The Complaint asserted both causes of actions arising under the ADA and the Unruh Civil Rights Act. *Id.* ¶¶ 8-9. When Defendant failed to respond to the summons and the Complaint, Plaintiff petitioned for default against Defendant on May 20, 2021. (Dkt. 12). The Clerk entered default on May 21, 2021. (Dkt. 13). Plaintiff filed this Motion for Default Judgment on June 17, 2021. (Dkt. 15).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-000571-DOC-(DFMx)                                Date: July 9, 2021

Page 3

## I. Application for Default Judgment

### A. Legal Standard

Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. C.D. Cal. R. 55. Entry by the Clerk is proper when the amount of damages is "for a sum certain or a sum that can be made certain by computation"; entry by the Court is proper "[i]n all other cases." Fed. R. Civ. P. 55(b). Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g.*, *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

When deciding whether to enter default judgment, courts consider seven factors:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### B. Discussion

Plaintiff has satisfied the requirements of Local Rules 55-1 and 55-2 and Federal Rule of Civil Procedure 55(b). Having determined Plaintiff's procedural compliance, the Court turns to the substance of Plaintiff's Application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-000571-DOC-(DFMx)　　　　　　　　　　　　　　　Date: July 9, 2021

Page 4

### 1.　　　Possibility of Prejudice to Plaintiff

The first *Eitel* factor requires the Court to consider the harm to Plaintiff if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, without an entry of default judgment, Plaintiff will be prejudiced and denied the right to a judicial resolution of the claims presented. *See id.* Plaintiff alleges that he has encountered barriers at Business and is being deterred from further patronizing Business. Compl. ¶ 23. Defendant has failed to defend against the action, denying Plaintiff his rights under the ADA. Accordingly, the Court finds that this factor weighs in favor of default judgment.

### 2.　　　Merits of Claim and Sufficiency of the Complaint

Courts often consider the second and third *Eitel* factors together. *See PepsiCo*, 238 F. Supp. 2d at 1175. The second and third *Eitel* factors favor default judgment where the complaint states a claim for relief. *Id.* at 1177 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). In their analyses of the second and third *Eitel* factors, courts accept as true all well-pleaded allegations regarding liability. *See Fair Hous. Of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Plaintiff alleges that Defendant owns the Property upon which Business is located, and is therefore liable for violating the ADA, if Plaintiff shows that he suffered discrimination at the location due to his disability. Discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv).

As a threshold matter, Plaintiff has standing to pursue his ADA claim. Plaintiff alleges that he was denied access to the Business and is deterred from going in the future, and the Court accepts these allegations as true because of Defendant's default. *See Fair. Hous. Of Marin*, 285 F.3d at 906; *see also* Compl. ¶ 23. Plaintiff also alleges that the lack of a short and accessible route connecting the parking access to an accessible entrance and the failure to have proper handrails at the ramp were the causes of the denial of access to the Business. *See* Compl. ¶ 13. Plaintiff has also shown that he was denied public accommodation as a result of his disability. *See id.* ¶ 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-000571-DOC-(DFMx)            Date: July 9, 2021

Page 5

Injunctive relief may address these issues. However, where injunctive relief is sought, a plaintiff must demonstrate "significant possibility of future harm." *See San Diego Cty. Gun Rights Comm v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).

> Demonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief. A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there.

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011). Here Plaintiff alleges that he is being deterred from patronizing the Business. Compl. ¶ 11. Thus, Plaintiff has standing to pursue injunctive relief.

Plaintiff has also shown that he is disabled under the ADA. The ADA defines disability as "[a] physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. 12102(1)(A). Major life activities include walking and standing. *Id.* § 12102(2)(A). Here, Plaintiff asserts he must rely upon mobility devices, including at times a wheelchair, for mobility. Compl. ¶ 1. Therefore, Plaintiff is disabled under the ADA.

Plaintiff has further shown that the Business on Defendant's Property is a place of public accommodation. As a liquor store open to the public, the Business is considered a place of public accommodation as defined by 42 U.S.C. § 12181(7). *Id.* ¶ 6. Additionally, "property owners are charged with ensuring compliance with the ADA." *Langer v. San Pedro St. Props., LLC*, 2018 WL 5880748, at *3 (C.D. Cal. Nov. 8, 2018). Plaintiff has alleged that Defendant owns the property upon which Business, a place of public accommodation, is located. *Id.* ¶ 2. Accepting these allegations as true, Plaintiff has shown that Defendant owns the Property of a public place of accommodation. *See id.*

Finally, Plaintiff has shown that removal of the barriers is readily achievable. Plaintiff alleges that these types of barriers are "readily achievable to remove" without much difficulty or expense. *Id.* ¶ 16. Thus, Plaintiff has sufficiently shown removal of the barriers is readily achievable. The Court finds that Plaintiff has stated a cause of action under the ADA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-000571-DOC-(DFMx)                        Date: July 9, 2021

Page 6

### 3.      Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This requires the Court to assess whether the recovery sought is proportional to the harm caused by the defendant's conduct. *See Walters v. Statewide Concrete Barrier, Inc.*, No. C 04-2559 JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted."). "Default judgment is disfavored when the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, because the state law claims have been dismissed, the only monetary award Plaintiff can pursue is attorneys' fees. Such an award is not disproportional to the harm caused. The Court determines that the fourth *Eitel* factor weighs in favor of default judgment.

### 4.      Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor requires the Court to consider the possibility of dispute as to material facts in the case. Where a plaintiff's complaint is well-pleaded and the defendants make no effort to properly respond, the likelihood of disputed facts is very low. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here, Plaintiff provided a well-pleaded complaint and Defendant failed to dispute the allegations. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18). Accordingly, this factor weighs in favor of default judgment.

### 5.      Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendant's default resulted from excusable neglect. *Vogel*, 992 F. Supp. 2d at 1013; *see also Eitel*, 782 F.2d at 1471-72. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-000571-DOC-(DFMx)          Date: July 9, 2021

Page 7

excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, Defendant was properly served with the Complaint and the Application. *See* Proof of Service. However, no answer or other response was filed. Defendant has simply made no effort to defend this suit. Because the likelihood of excusable neglect is very low, this factor weighs in favor of default judgment.

### 6. Strong Policy Favoring Decision on the Merits

The seventh *Eitel* factor requires the Court to consider the strong judicial policy favoring decisions on the merits before granting default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the very existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Rule 55(a) allows a court to decide a case before the merits are heard if a defendant fails to appear and defend. *Id.* ("Defendant's failure to answer plaintiff's complaint makes a decision on the merits impractical, if not impossible."). Since Defendant has not responded to Plaintiff's Complaint, the Court is not precluded from entering judgment.

Taken together, the seven *Eitel* factors weigh in favor of granting default judgment against the Defendant.

### C. Remedies

Having determined that default judgment is proper, the Court turns to the remedies sought. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Once "[i]njury is established[,] . . . plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). While the Court is not required to issue findings of fact as to liability, it must do so as to damages. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). The Court can consider "declarations, calculations, and other documentation of damages in determining if the amount at stake if reasonable" when assessing whether "there is an adequate basis for the damages awarded in the default judgment." *Xerox Corp. v. Am. Mail Ctrs., Inc.*, 2016 WL 10834102, at *2 (C.D. Cal. Oct. 14, 2016) (quoted citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-000571-DOC-(DFMx)                      Date: July 9, 2021

Page 8

### 1. Injunctive Relief

Plaintiff seeks injunctive relief under the ADA. "In the case of violations [of the accessibility provisions] of [the ADA], injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . ." 42 U.S.C. § 12188(a)(2). Injunctive relief is proper here, as the Court has found Plaintiff has pleaded a valid claim under the ADA and the removal of the barriers is readily achievable. Therefore, the Court ORDERS Defendant to remove barriers at the Property to the extent Defendant can legally do so.

### 2. Attorneys' Fees and Costs

Despite entry of default, the Court is concerned with affixing a large sum of attorneys' fees for ADA actions, such as this, against businesses—especially during a global pandemic. Businesses are hurting greatly during this unfortunate emergency. Though Plaintiff has the right to visit businesses that comply with the law, attorney's fees are left to the discretion of the Court. The Court must balance providing compensation for attorneys who protect civil rights with ensuring that defendants are given a fair shake if they attempt to remedy their violations. The Court is satisfied the Plaintiff's rights are protected with injunctive relief. Furthermore, given the competing concerns described above, and given the unprecedented pandemic afflicting the United States and crippling businesses, the Court awards $462 in attorneys' fees and costs in the amount of $538. The total amount of fees and costs is $1000.

## II. California Unruh Civil Rights Act

### A. Legal Standard

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, district courts have discretion to decline to exercise supplemental jurisdiction:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>     (1) the claim raises a novel or complex issue of State law,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-000571-DOC-(DFMx)                            Date: July 9, 2021

Page 9

> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

      This Court may decline to exercise supplemental jurisdiction over state law claims for many factors, including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. §§ 1367(c)(1)-(3), *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998), but does require a district court to "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the Gibbs values provide compelling reasons for declining jurisdiction in such circumstances." *Executive Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994). When declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), "the court must identify the predicate that triggers the applicability of the category (the exceptional circumstances), and then determine whether, in its judgment, the underlying *Gibbs* values are best served by declining jurisdiction in the particular case (the compelling reasons)." *Id.*

### B. Discussion

      "In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Velez v. Il Fornaio (Am.) Corp.*, Case No. CV 3:18-1840 CAB (MDD), 2018WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). Furthermore, high frequency litigants are subject to a special filing fee and further heightened pleading requirements. *See* Cal. Gov. Code § 70616.5; Cal. Civ.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-000571-DOC-(DFMx)                      Date: July 9, 2021

Page 10

Proc. Code § 425.50(a)(4)(A).

The Court finds that California's enactment of the heightened standards and fees described above, combined with the immense burden of the ever-increasing number of combined ADA/Unruh cases filed in this district, presents "exceptional circumstances" and "compelling reasons" that justify the Court's exercise of its discretion to decline supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367(c)(4). *See Shutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) (declining supplemental jurisdiction to discourage ADA plaintiffs' "use [of the] federal court[s] as an end-around to California's pleading requirements"). It is not, under *Gibbs*, "fair" to defendant that plaintiffs may pursue construction-related ADA claims in this Court while evading the limitations California has imposed on such claims in state court.

Finally, the Court sees no prejudice in requiring Plaintiff's state-law claims be heard in state court. Indeed, "if [P]laintiff legitimately seeks to litigate this action in a single forum, [P]laintiff may dismiss this action and refile it in state court in accordance with the requirements California has imposed on such actions." *Garibay v. Rodriguez*, Case No. 2:18-CV-09187-PA-AFM, Dkt. 43 at 8 (C.D. Cal. August 27, 2019).

The Court briefly notes that Plaintiff's Unruh Act claims hinge on the theory that Defendant has failed to provide appropriate accommodations under the ADA. Plaintiff does not allege any injury separate from the underlying alleged ADA violations. As such, Plaintiff's state law claim is, in effect, identical to his ADA claim, and does not allege separate causes of action. Furthermore, because Plaintiff's Unruh Act claim has a heightened pleading standard, the Court declines, in accordance with the reasoning above, to exercise supplemental jurisdiction over that claim.

///

///

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-000571-DOC-(DFMx) | Date: July 9, 2021

Page 11

### III.  Disposition

For the reasons set forth above, the Court GRANTS Plaintiff's Application for Default Judgment and DISMISSES Plaintiff's Unruh Act claim. In particular, the Court ORDERS injunctive relief and $1000 in attorney's fees and costs.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11 | Initials of Deputy Clerk: kd

CIVIL-GEN